UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 10-141

GERALD CHAMBERS                             SECTION "L"

**ORDER & REASONS**

Before the Court is Defendant Gerald Chambers' Motion to Withdraw Guilty Plea (R. Doc. 45). The Court has received briefing on the Motion and heard oral arguments from the parties; it is now ready to rule. For the following reasons, IT IS ORDERED that the Defendant's Motion is DENIED.

I.   **BACKGROUND**

On May 20, 2010, Defendant was indicted for violations of the Federal Controlled Substances Act and Federal Gun Control Act. (R. Doc. 1). This Indictment contains nine criminal counts, as well as notices of drug and gun forfeiture. *Id*. Defendant was initially represented by George Chaney, during which on September 23, 2010, Defendant pled guilty to Counts One and Two of the Indictment pursuant to a Plea Agreement entered into with the Government. *See* (R. Docs. 18, 20, 21). As part of the Plea Agreement, the Government agreed not to file a Bill of Information pursuant to Title 21, United States Code, Section 851, charging the Defendant with having a prior felony drug conviction. *See* (R. Doc. 20). A sentencing hearing was then scheduled by the Court, but continued several times. *See* (R. Docs. 19, 23, 24, 25, 27, 30, 31, 35, 36). On June 3, 2011, at Defendant's request, his counsel was substituted with Michael Kennedy. (R. Doc. 39). Then, on September 27, 2011, Defendant filed the present Motion seeking to withdraw his guilty plea. (R. Doc. 45).

-1-

## II. PRESENT MOTION

### A. Defendant's Motion

Defendant filed the present Motion seeking to withdraw his guilty plea and schedule a trial on the merits of the case. Defendant argues that because his guilty plea has not been fully accepted, as it has simply been pending while awaiting the results of his pre-sentence investigation, he should be allowed to withdrawal his plea as a matter of right. Alternatively, Defendant argues that if his plea has been accepted by the Court, he is still entitled to withdraw his plea since the firearm at issue in Count Two, to which he pled, was attributed to Mr. Anthony Hatcher by the State of Louisiana in Orleans Parish, Case No. 491-980, on December 15, 2010.

### B. Government's Response

The Government filed a Response in opposition to Defendant's Motion. (R. Doc. 48). At the outset, the Government raises the question of whether Defendant seeks to withdraw his guilty plea for both Counts One and Two, or solely Count Two, the firearm count and only count addressed in his Motion. The Government cites the *Carr* factors as the guiding principles for determining whether to permit a defendant to withdraw his guilty plea, and argues based thereon withdrawal is not appropriate. The Government cites jurisprudence which it contends stands for the proposition that withdrawal of a guilty plea is not appropriate solely based upon "belated assertions of innocence." The Government notes Defendant has not cited any case law to support his claim that an attribution of a firearm to another warrants withdrawal of a guilty plea; nor has he explained why the concept of joint possession does not apply here. According to the Government, the Defendant received a great benefit in entering the Plea Agreement, particularly that the Government would not double bill, causing a reduction in the statutory mandatory

minimum from 20 years to ten years on Count One.  Finally, the Government notes that Defendant plead guilty in open court, under oath, and admitted he understood the charged offense and committed that offense; the Defendant delayed a year before filing the present Motion; the plea was voluntary and knowing; and retaining the plea militates in favor of judicial efficiency.

  C. **Defendant's Reply**

Defendant filed a Reply in further support of his Motion.  (R. Doc. 49).  Defendant reiterates his prior argument that because the firearm in question has been attributed to another person, particularly the Defendant's co-defendant in state court, and this gun would add a mandatory five years to Defendant's sentence and would prevent his admission to federal drug programs and halfway houses, Defendant has maintained his innocence, satisfying the first *Carr* factor.

## III. LAW & ANALYSIS

  A. **Withdrawal of Guilty Plea**

"'[I]t is well settled that there is no absolute right to withdraw a guilty plea before the imposition of sentence.  Instead, the right to do so is within the sound discretion of the trial court.'"  *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984).  In the Fifth Circuit, the guiding principles for considering a motion to withdraw a guilty plea are espoused in *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984).  Therein, the Circuit recognized that "[t]he standard for determining whether or not a defendant may withdraw his guilty plea prior to sentencing is whether 'for any reason the granting of the privilege seems fair and just.'  Federal courts have uniformly applied this well established standard."  *Id*. at 343.  "The defendant has the burden of

establishing a fair and just reason for withdrawing his plea." *United States v. Hagen-Porras*, 260 Fed. App'x 675, 676 (5th Cir. 2007)(citing *United States v. Still*, 201 F.3d 118, 124 (5th Cir. 1996)). The Circuit then went on to set out the following factors to be considered when applying this standard,

> (1) whether or not the defendant has asserted his innocence;
> (2) whether or not the government would suffer prejudice if the withdrawal motion were granted;
> (3) whether or not the defendant has delayed in filing his withdrawal motion;
> (4) whether or not the withdrawal motion would substantially inconvenience the court;
> (5) whether or not close assistance of counsel was available;
> (6) whether or not the original plea was knowing and voluntary; and
> (7) whether or not the withdrawal would waste judicial resources; and
> [(8)] as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion. *Id*. at 343-44.

"When courts apply the factors enumerated above they should consider the totality of the circumstances. " *Id.* at 344(citing *United States v. Morrow*, 537 F.2d 120, 146 (5th Cir. 1976)).

### B.     Acceptance of Guilty Plea

Defendant first argues that the Court has not yet accepted his guilty plea, allowing him the right to withdrawal his plea. According to the Defendant, the plea "has simply been pending while awaiting the results of his pre-sentence investigation." (R. Doc. 45). However, the transcript of the re-arraignment hearing indicates otherwise. Therein, the Court stated, "[b]ecause I find that the plea is knowledgeable, voluntary and has a basis in fact that contains all of the elements of the crime, I will *accept* your plea and enter a judgment of guilty on your plea as to Count 1 and Count 2 of the nine-count indictment." (R. Doc. 48-1, p.16-17)(emphasis added). Because the Court has accepted the Defendant's guilty plea, the Court must consider the *Carr* factors to determine whether the Defendant should be permitted to withdraw this plea.

### C. *Carr* Factors for Withdrawal of Guilty Plea

The *Carr* factors are enumerated and addressed as follows:

*1.     Whether or not the defendant has asserted his innocence*

The sole basis for Defendant's Motion is the first *Carr* factor of assertion of innocence. *See* (R. Doc. 49). Defendant argues he "maintains and continues to assert his innocence to possession of the gun, as another man in another court has already been adjudicated as having possession of that firearm, thereby satisfying the first *Carr* factor." *Id.*

Count Two of the Indictment provides that the Defendant, on or about October 29, 2009, knowingly possessed a firearm, to wit: an SKS 7.62 x 39 rifle, serial number 56857, in furtherance of a drug trafficking crime. (R. Doc. 1). With regard to this firearm, the Factual Basis provides,

> On October 29, 2009, New Orleans police officers recovered a loaded SKS assault rifle, 9mm rounds and various drug distribution paraphernalia containing heroin, cocaine and marijuana residue from 2219 Almonaster Blvd. Officers entered 2219 Almonaster while chasing Albert Daniels after observing him smoking an object and smelling marijuana. Daniels ran into 2219 Almonaster and once inside, pursing officers observed [Defendant] and Anthony Hatcher playing a video game inside the apartment. The SKS assault rifle and a small amount of marijuana were recovered from the same room that [Defendant] and Hatcher were playing the video game. In the kitchen, officers observed and seized additional amounts of marijuana, a coffee grinder with marijuana residue, scale, and mixing agents frequently used to dilute narcotics. The apartment appeared to be abandoned and receiving electricity without authorization. Lab tests by the New Orleans Police Crime Lab personnel revealed that items seized tested positive for heroin, cocaine and marijuana in residue amounts in addition to several marijuana cigars. (R. Doc. 21).

The Defendant did not assert his innocence under Count Two during the re-arraignment hearing on September 23, 2010. *See* (R. Doc. 48-1). Rather, during this hearing, under oath and in open court, the Defendant stated "I plead guilty, sir." *Id.* And when asked, "Are you pleading guilty because you are, in fact, guilty of the crime charged, sir?" the Defendant responded, "Yes,

sir." *Id*. Defendant also stated under oath, in open court at this hearing, that he reviewed the Factual Basis with his attorney, it was an accurate portrayal of the facts supporting the charges against him, and he signed the document. *See id.* It was not until March 31, 2011, over six months later, that Defendant asserted his innocence to the Court in a letter, specifically claiming that the gun involved in Count Two was not his, but rather belonged to his state court co-defendant, Anthony Hatcher. (R. Doc. 32)(SEALED). In the same vein, on April 6, 2011, Defendant authored another letter to the Court styled as a motion to dismiss Count Two, arguing the firearm charge should be dismissed because the requisite connection between the firearm and the drug crime was absent. *See* (R. Doc. 34)(SEALED).

"Because 'solemn declarations in open court carry a strong presumption of verity,'" *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009), the first *Carr* factor weighs in favor of denial of Defendant's Motion. *See United States v. Martinez,* 344 Fed. App'x 975, 975-76 (5th Cir. 2009)(affirming denial of motion where defendant's belated assertion of innocence was contrary to his sworn testimony at the rearraignment and defendant filed his motion 11 months later.); *United States v. Sims*, 340 Fed. App'x 959, 962 (5th Cir. 2009)(affirming denial of motion where defendant affirmatively testified to guilt at his rearraignment hearing); *United States v. Shanklin,* 193 Fed. App'x 384, (5th Cir. 2006)(affirming denial of motion to withdraw guilty plea where defendant unequivocally admitted, under oath that he was guilty and that his plea was knowing and voluntary and did not move until four months after the plea to withdraw his plea); *United States v. Verduzco-Mendoza,* 171 Fed. App'x 488 (5th Cir. 2006)(affirming denial of motion to withdraw guilty plea where defendant's assertions of innocence were not made under oath and there was no justification for the delay in filing the motion.); *United States*

*v. Lampazianie*, 251 F.3d 519, 524-25 (5th Cir. 2001)(affirming denial of motion to withdraw guilty plea in part because defendant plead guilty under oath in open court and did not assert his innocence until seven months after the plea was entered). Indeed, the court is to "carefully scrutinize 'eleventh hour' assertions of innocence." *United States v. Rodriguez*, 306 Fed. App'x 135, 138 (5th Cir. 2009)(citing *United States v. Lampazianie*, 251 F.3d 519, 524-25 (5th Cir. 2001)).

As noted, Defendant bases his claim of assertion of innocence upon the fact that the subject firearm was attributed to his co-defendant in state court, claiming, as a result, this firearm cannot form the basis of his own charges in federal court.

"Gun 'possession can be established by (1) actual, physical possession of the firearm, (2) sole control and occupancy of a place where a firearm is found, or (3) joint occupancy of a place where a firearm is found, combined with some evidence of the defendant's access to and knowledge of the firearm.'" *United States v. McKoy*, 396 Fed. App'x 991 (5th Cir. 2010)(quoting *United States v. Anderson*, 559 F.3d 348, 353 (5th Cir. 2009)). "The evidence must show 'at least a plausible inference' that [the defendant] knew of and had access to the gun." *Id*. (quoting *United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir. 1996)). A criminal defendant may be found in joint, constructive possession of a firearm where a co-defendant's possession of a firearm is foreseeable if that co-defendant knowingly possessed it during the joint commission of the offense. *See United States v. Orozco-Lopez*, 2011 WL 4397062, at *1 (5th Cir. Sept. 22, 2011)(affirming district court's finding of joint, constructive possession of firearm in connection with drug trafficking offense where gun discovered in apartment where defendant and his co-defendants prepared, stored, and sold drugs); *United States v. Williams*, 141

Fed. App'x 254 (5th Cir. 2005)(affirming conviction of sue of firearm in relation to a drug-trafficking crime where defendant was joint occupant of residence that was searched and in which drugs and firearms were in plain view); *United States v. Cardenas*, 53 F.3d 1280 (5th Cir. 1995)(affirming joint, constructive possession of firearm where even if co-defendant owned the firearm in question because the firearm's presence in the apartment was foreseeable to the defendant.).

During the rearraignment, the Defendant agreed that there existed evidence demonstrating he was in the same room as the firearm and drugs, suggesting he would have had access to and knowledge of the firearm. The Government informed the Court during oral argument that Mr. Hatcher plead guilty to attempted possession of the subject firearm, arising from the same incident; Defendant did not dispute this claim. Mr. Hatcher's criminal adjudication is before a court of a different sovereign than the present. Defendant's argument that the firearm could only be attributed to Mr. Hatcher is unsupported by any evidence and it ignores the legal concept of joint possession. Just because his co-defendant in state court may have been adjudicated as the possessor of owner of the subject firearm does not demonstrate that the Defendant has asserted his innocence for purposes of *Carr*.

While the Defendant does not address the remaining *Carr* factors, the Court is obligated to consider such in its inquiry; thus they are discussed as follows.

> 2. *Whether or not the government would suffer prejudice if the withdrawal motion were granted*

The Government claims that this factor militates in favor of denial, alleging "[t]he twelve months that transpired between the guilty plea and his motion carry a natural prejudice to the Government should it have to bring this matter to trial. The passage of such an amount of time

would have an impact on agent's abilities to recall as much detail as they would have otherwise been able to recall had this matter proceeded to trial in 2010." (R. Doc. 48). The Fifth Circuit has found that a significant passage of time between the plea and the motion to withdraw the plea causes the Government prejudice in the context of *Carr*. *See Lamparzianie,* 251 F.3d at 525 (recognizing prejudice to the government when the relevant conduct occurred years prior to the plea and motion); *see also United States v. Arnold*, 420 Fed. App'x 404, 405 (5th Cir. 2011)(finding a delay of two and a half years caused prejudice to the Government); *Sims*, 340 Fed. App'x at 962 (finding prejudice to the government where defendant delayed filing his motion for 18 months). It has also found the Government suffers prejudice when it must prepare for a trial on all counts after delay of the Defendant in filing his motion. *See Sims*, 340 Fed. App'x at 962 (noting if motion granted government would have to prepare for a new trial on all four courts).

        3.       *Whether or not the defendant has delayed in filing his withdrawal motion*

Here, the Defendant waited over six months to notify the Court of his interest in withdrawing his plea, *see (*R. Doc. 32)(SEALED), and over a year in filing the present Motion. *See* (R. Doc. 45). The Fifth Circuit has routinely found that delays much shorter than this constitute "delay" for purposes of *Carr*, supporting denial of a motion to withdraw a guilty plea. *See e.g. Carr,* 740 F.2d at 345 (finding 22 day delay excessive); *Shanklin,*193 Fed. App'x 384 (finding four month delay excessive); *United States v. London*, 568 F.3d 553, (5th Cir. 2009)(finding six week delay excessive); *United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994)(finding six week delay excessive); *United States v. Conroy*, 567 F.3d 174, 178 (5th Cir. 2009)(finding six week delay excessive).

*4.     Whether or not the withdrawal motion would substantially inconvenience the court*

It is unlikely that the granting of the present Motion would "substantially" inconvenience the Court, but there certainly will be some inconvenience in having to re-set the matter for pretrial conference and trial after presiding over the case since May 2010.  *See e.g. United States v. Arbuckle*, 390 Fed. App'x 412, 416 (5th Cir. 2010)(recognizing inconvenience to the Court in rescheduling a trial, disrupting the current docket).

*5.     Whether or not close assistance of counsel was available*

The next factor for the Court to consider is whether close assistance of counsel was available at the time Defendant entered his plea.  The Court notes that Defendant's prior counsel successfully negotiated the Plea Agreement with the Government in which the Government agreed not to double bill the Defendant; with the double bill, Defendant's statutory mandatory minimum sentence would have been increased from ten to 20 years.  Additionally, at the re-arraignment hearing, Defendant stated on the record, under oath, that he had enough time to discuss the case with his attorney, he was satisfied with his attorney's services, he discussed with his attorney the charges in the indictment to which he pled, and he reviewed the Plea Agreement and Factual Basis with his attorney.  (R. Doc. 48-1); *United States v. Mendez*, 2011 WL 5105802, at *2 (5th Cir. 2011)(affirming denial of motion where counsel negotiated plea agreement and defendant stated he was satisfied with counsel's representation and counsel had reviewed the terms of the plea with him); *United States v. Arnold*, 420 Fed. App'x 404, 404-05 (5th Cir. 2011)(affirming denial of motion even where counsel obtained a good deal for defendant in plea agreement despite his admitted lackadaisical attitude).

*6.     Whether or not the original plea was knowing and voluntary*

During the re-arraignment hearing, Defendant stated under oath, in open court, that he understood the terms of the Indictment, Plea Agreement, Factual Basis, the re-arraignment proceeding, and that he was not under the influence of drugs or alcohol, nor under the care of a doctor. *See* (R. Doc. 48-1). There are no facts to suggest Defendant's original plea was anything but knowing and voluntary.

    7.    *Whether or not the withdrawal would waste judicial resources*

The waste of judicial resources is not a strong factor in favor of denial of Defendant's Motion, but it should be noted that if the Motion is granted, the Court will be required to expend resources in rescheduling the pretrial conference and trial in the matter, as well as any pretrial hearings.

    8.    *The reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion*

It is not clear as to why Defendant waited so long to raise his objections to Count Two. According to Defendant, the subject firearm was attributed to Anthony Hatcher on December 15, 2010, yet he did not file his motion until over nine months later. The Court recognizes some of this delay may have been due to his acquiring new counsel, but this is not clear.

The Court finds, when considered *in toto*, the *Carr* factors as applied to the present case warrant dismissal of the Defendant's Motion.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to Withdraw Guilty Plea (R. Doc. 45) is DENIED.

New Orleans, Louisiana this 23rd day of January, 2012.

  _____
  U.S. District Judge